84972.0014(207) RMC:lab #397

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | **No. 24-cv-3467** |
| **Plaintiff,** | ) | |
| | ) | **Judge Sara L. Ellis** |
| **v.** | ) | |
| | ) | **Magistrate Judge Maria Valdez** |
| WALMART, INC., a foreign corporation, | ) | |
| CBRE, INC., a foreign corporation, | ) | |
| DIVISIONS, INC., a foreign corporation, | ) | |
| and JENNIFER LUND, | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Amended Complaint for Declaratory Judgment against the Defendants, Walmart, Inc., CBRE, Inc., Divisions, Inc., and Jennifer Lund, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2.      Venue is premised upon 28 U.S.C. § 1391 as one of the Defendants is a resident of this district, which is the district in which the underlying occurrence took place.

## THE PARTIES

3.      Owners Insurance Company ("Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      Walmart, Inc. formerly known as Wal-Mart Stores, Inc. ("Walmart") is a Delaware corporation which maintains its principal place of business in Bentonville, Arkansas.

5.      CBRE, Inc. ("CBRE") is a Delaware corporation, which does business in Illinois, with its principal place of business in Dallas, Texas.

6.      Divisions, Inc. ("Divisions") is a Kentucky corporation, which does business in Illinois, with its principal place of business in Cincinnati, Ohio.

7.      Jennifer Lund ("the underlying Plaintiff") is the plaintiff in a certain action brought against Walmart in another Court, which action will be more fully described later herein. Owners seeks no relief from the underlying Plaintiff, who is joined herein as an interested party defendant solely to be bound by the judgment rendered in this cause. The underlying Plaintiff is a citizen and resident of the State of Illinois. An order of default was entered against the underlying Plaintiff on June 20, 2024 (Doc. 21).

**THE OWNERS POLICY**

8.      Owners issued its policy of insurance numbered 184604-07664386-20 to D & J Landscape Inc. ("D & J") as named insured. The Tailored Protection Insurance Policy provided for, among other things, Commercial General Liability Insurance for the effective period of November 13, 2020 to November 13, 2021. A true and correct copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A ("the CGL policy").

**THE SNOW SERVICE AGREEMENT**

9.      On or about July 8, 2020, D & J entered a snow plowing and removal contract with Divisions, Inc. to provide services for snow removal at the Walmart location on Route 59 in Shorewood, Illinois. A true and correct copy of the document entitled Snow Service Agreement and its Scope of Work are attached hereto, made a part hereof and are marked as Pleading Exhibits B and C, respectively.

10.     Walmart claims to be an "insured" on the Owners policy issued to D & J pursuant to the Snow Service Agreement. CBRE and Divisions claim to be an "insured" on that same policy.

11.     The CGL policy contains an additional insured endorsement, which provides, as follows (Ex. A. at 112):

**BLANKET ADDITIONAL INSURED**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM.**

**A.**     Under **SECTION II - WHO IS AN INSURED**, the following is added:

3

A person or organization is an Additional Insured, only with respect to liability arising out of "your work" for that Additional Insured by or for you:

**1.**      If required in a written contract or agreement; or

**2.**      If required by an oral contract or agreement only if a Certificate of Insurance was issued prior to the loss indicating that the person or organization was an Additional Insured.

**B.**      Under **SECTION III - LIMITS OF INSURANCE**, the following is added:

The limits of liability for the Additional Insured are those specified in the written contract or agreement between the insured and the owner, lessee or contractor or those specified in the Certificate of Insurance, if an oral contract or agreement, not to exceed the limits provided in this policy. These limits are inclusive of and not in addition to the limits of insurance shown in the Declarations.

**C.**      **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**, is amended as follows:

**1.**      The following provision is added to **4. Other Insurance**

This insurance is primary for the Additional Insured, but only with respect to liability arising out of "your work" for that Additional Insured by or for you. Other insurance available to the Additional Insured will apply as excess insurance and not contribute as primary insurance to the insurance provided by this endorsement.

All other policy terms and conditions apply.

#### THE UNDERLYING LITIGATION

12.      An action for damages was filed against Walmart by the underlying Plaintiff seeking damages for injuries allegedly sustained on December 30, 2020, as a result of a slip-and-fall on ice or snow in the parking lot for certain premises owned, managed and controlled by Walmart at its Shorewood, Illinois location. The underlying Plaintiff sued

Walmart for damages for its negligence in her Complaint filed in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, pending under Cause No. 22 LA 870. A true and correct copy of the Complaint in the aforesaid action against Walmart is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

13.    In that underlying litigation, Walmart filed an Amended Third-Party Complaint against CBRE and Divisions seeking contribution from CBRE and Divisions for the negligence of each in connection with the underlying Plaintiff's injury and damages, and for CBRE's breach of its own contract with Walmart for its failure to defend Walmart, and its alleged breach of its express contractual indemnification obligations to Walmart under that contract. A true and correct copy of the Amended Third-Party Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit G.

### THE CERTIFICATE OF INSURANCE

14.    On information and belief, the agent of D & J issued a certain Certificate of Insurance, which certificate lists the CGL policy issued to D & J. A true, correct and genuine copy of the Certificate of Insurance, dated November 13, 2020, is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

15.    The Certificate of Insurance states on its face as follows:

**THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS ON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.**

16.    The Certificate also states on its face as follows:

**THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED,**

**NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN. THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.**

### TENDERS OF DEFENSE

17. Walmart tendered its defense to Owners more than one year after the action was filed, and more than 3 ½ years after the accident occurred, and Owners rejected that tender for the reasons stated herein.

18. CBRE and Divisions tendered their defense to Owners for Walmart's Amended Third-Party Complaint, and Owners rejected that tender for the reasons stated herein.

### COUNT I
### (DECLARATORY JUDGMENT RE: CERTIFICATE OF INSURANCE CONFER NO RIGHTS - WALMART)

19. Owners adopts and repeats the allegations of ¶¶ 1 through 17 as and for ¶ 19 hereof as though the same were fully set forth herein.

20. Owners contends that Walmart is not entitled to coverage based on the Certificate of Insurance, as the Certificate of Insurance confers no rights on Walmart, and its rights, if any, are determined by the terms and conditions of the CGL policy.

21. The above contentions of Owners are, on information and belief, denied by Walmart which, in turn, contends that Owners has a duty and obligation to defend it in the underlying Plaintiff's action. Owners, in turn, denies the contrary contentions of Walmart and each of them.

6

22.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.  Pursuant to the terms and conditions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

### COUNT II
**(DECLARATORY JUDGMENT RE: WALMART'S BREACH OF NOTICE OF SUIT CONDITION)**

23.     Owners adopts and repeats the allegations of ¶¶ 1 through 21 as and for ¶ 23 hereof as though the same were fully set forth herein.

24.     The underlying Plaintiff's action for damages was filed on December 29, 2022, against Walmart seeking damages for personal injuries allegedly sustained in a slip-and-fall on December 30, 2020, all of which more fully appears in the Complaint, Pleading Exhibit D.

25.     Owners was provided with its first notice of loss and first notice of suit on January 19, 2024, more than 13 months after the suit was filed, which was more than 37 months after the accident allegedly occurred. A true and correct copy of the January 19, 2024 letter providing Owners with its first notice of loss is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

26.     Following the filing of suit on December 29, 2022, Walmart was served and appeared through counsel on February 21, 2023.

7

27.     After more than one year of litigation, Walmart gave notice of the action to Owners.

### PROVISIONS OF THE CGL POLICY

28.     The CGL policy provides in its notice condition as follows (Ex. A. at 144):

> **2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> *     *     *     *     *     *
>
> **c.**     You and any other involved insured must:
>
> > **(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> >
> > **(2)**     Authorize us to obtain records and other information;
> >
> > **(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> >
> > **(4)**     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> *     *     *     *     *     *

29.     Owners contends that it has no duty or obligation to extend coverage to Walmart for a suit against it where first notice to Owners was received more than one year after filing as Walmart breached the aforesaid notice of suit condition by providing Owners with first notice more than one year after filing and more than 3 ½ years after the accident.

30.     Owners may have been prejudiced by Walmart's failure to promptly forward the Complaint to it – which Walmart sent to it for the first time after more than one year of

litigation, as Owners had no opportunity to conduct an investigation of the claim or even a timelier investigation of the allegations.

31.     The foregoing contentions of Owners are, on information and belief, denied by Walmart, which contends that Owners has a duty and obligation to defend it for the underlying Plaintiff's suit. Owners, in turn, denies Walmart's contrary contentions and each of them.

32.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND WALMART)

33.     Owners in the alternative adopts and repeats the allegations of ¶¶ 1 through 31 as and for ¶ 33 hereof as though the same were fully set forth herein.

34.     Owners contends, in the alternative, that Walmart is not entitled to coverage because it has been sued for its own negligence, and the additional insured endorsement specifically and only extends "insured" status to a person or organization as an additional insured "only with respect to liability arising out of "your [D & J's] work" for that

additional insured." The endorsement operates to exclude coverage for the negligence of

the additional insured, and for the following reasons:

(a)　The additional insured endorsement to the CGL policy provides no coverage to Walmart for its negligence.

(b)　The underlying Plaintiff has only sued Walmart for its own negligent conduct and not for damages based on vicarious liability for the acts or omissions of D & J.

(c)　The underlying Plaintiff does not seek damages for bodily injury based on vicarious liability which is imputed to Walmart solely by virtue of the acts or omissions of D & J.

(d)　If Walmart is an additional insured then it is an additional insured only with respect to liability for "bodily injury" caused by D & J's acts or omissions, and Walmart has been sued only for damages by the underlying Plaintiff for its own negligence, and not for the acts or omissions of D & J, hence Walmart is not entitled to coverage under the additional insured endorsement, as the underlying Plaintiff nowhere alleges vicarious liability.

35.　The above alternative contentions of Owners are, on information and belief,

denied by Walmart which, in turn, contends that the CGL policy provides coverage for the

December 30, 2020 accident alleged in the underlying Plaintiff's Complaint.

36.　By reason of the foregoing, an actual and justiciable controversy exists

between the parties and each of them, which may be determined by a judgment or order of

this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to

declare and adjudicate the rights and liabilities of the parties hereto under the terms and

provisions of the policies of insurance referred to herein and to adjudicate the final rights

of all parties, and to give such other and further relief as may be necessary to enforce the

same.

### COUNT IV
### (DECLARATORY JUDGMENT RE:  NO DUTY TO DEFEND CBRE)

37.    Owners adopts and repeats the allegations of ¶¶ 1 through 13 and 18 as and for ¶ 37 hereof as though the same were fully set forth herein.

38.    While the Owners CGL policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," "advertising injury," and "personal injury" as defined therein, the claims in the action by Walmart against CBRE are not covered by the Owners CGL policy. Also, Owners submits that no claim for "advertising injury" or "personal injury" is involved.

39.    The Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 135):

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under

Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

40.    The Owners policy defines certain terms used in the Insuring Agreement set forth in ¶ 38 hereof as follows (Ex. A. at 145, 147-48):

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    *    *    *    *    *

"Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

41.    Owners contends that it has no duty or obligation under its CGL policy to defend CBRE in connection with the claims made against it by Walmart for one or more or all of the following reasons:

    (a)    That the Third-Party Complaint does not allege "bodily injury" as defined by the CGL policy of insurance.

    (b)    That the Third-Party Complaint does not allege "property damage" as defined by the CGL policy of insurance.

42.    Owners contends further that in the event that CBRE is an additional insured, CBRE is not entitled to coverage as stated in Paragraph 41 and alternatively because it has been sued for its own negligence, and the additional insured endorsement specifically extends "insured" status to a person or organization as an additional insured "only with respect to liability arising out of "your [D & J's] work" for that additional insured." The endorsement excludes coverage for the negligence of the additional insured, and for the following reasons:

    (a)    The additional insured endorsement to the CGL policy provides no coverage to CBRE for its negligence or breaches of contract between it and Walmart.

    (b)    CBRE has only been sued by Walmart for its own negligent conduct for contribution and not for damages based on vicarious liability for the acts or omissions of D & J or anyone.

13

(c) Walmart as third-party plaintiff does not seek damages for bodily injury based on vicarious liability which is imputed to CBRE solely by virtue of the acts or omissions of D & J.

(d) If CBRE is an additional insured then it is an additional insured only with respect to liability for "bodily injury" caused by D & J's acts or omissions, and CBRE has been sued only for damages by Walmart for its own negligence and breaches of contract not involving D & J, and not for the acts or omissions of D & J, hence CBRE is not entitled to coverage under the additional insured endorsement, as Walmart nowhere alleges vicarious liability.

43. The above contentions of Owners are, on information and belief, denied by CBRE which, in turn, contends that the CGL policy provides coverage for the claims of Walmart for contribution based on CBRE's own negligence and CBRE's breach of its own contract with Walmart.

44. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT V
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND DIVISIONS)

45. Owners adopts and repeats the allegations of ¶¶ 1 through 13 and 18 as and for ¶ 45 hereof as though the same were fully set forth herein.

46.     While the Owners CGL policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," "advertising injury," and "personal injury" as defined therein, the claims in the action by Walmart against Divisions are not covered by the Owners CGL policy. Also, Owners submits that no claim for "advertising injury" or "personal injury" is involved.

47.     The Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 135):

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY

**1.      Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**     The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

15

      **b.**    This insurance applies to "bodily injury" and "property damage" only if:

          **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

          **(3)**    Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

48.    The Owners policy defines certain terms used in the Insuring Agreement set forth in ¶ 47 hereof as follows (Ex. A. at 145, 147-48):

    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

              \*    \*    \*    \*    \*

    "Property damage" means:

      **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

49.     Owners contends that it has no duty or obligation under its CGL policy to defend Divisions in connection with the claims made against it by Walmart for one or more or all of the following reasons:

(a)     That the Third-Party Complaint does not allege "bodily injury" as defined by the CGL policy of insurance.

(b)     That the Third-Party Complaint does not allege "property damage" as defined by the CGL policy of insurance.

50.     Owners contends further that in the event that Divisions is an additional insured, Divisions is not entitled to coverage as stated in Paragraph 49 and alternatively because it has been sued for its own negligence, and the additional insured endorsement specifically extends "insured" status to a person or organization as an additional insured "only with respect to liability arising out of "your [D & J's] work" for that additional insured." The endorsement excludes coverage for the negligence of the additional insured, and for the following reasons:

(a)     The additional insured endorsement to the CGL policy provides no coverage to Divisions for its negligence or breaches of contract between it and Walmart.

(b)     Divisions has only been sued by Walmart for its own negligent conduct for contribution and not for damages based on vicarious liability for the acts or omissions of D & J or anyone.

(c)     Walmart as third-party plaintiff does not seek damages for bodily injury based on vicarious liability which is imputed to Divisions solely by virtue of the acts or omissions of D & J.

(d)     If Divisions is an additional insured then it is an additional insured only with respect to liability for "bodily injury" caused by D & J's acts or omissions, and Divisions has been sued only for damages by Walmart for its own negligence not involving D & J, and not for the acts or omissions of D & J, hence Divisions is not entitled to coverage under the additional insured endorsement, as Walmart nowhere alleges vicarious liability.

17

51.     The above contentions of Owners are, on information and belief, denied by Divisions which, in turn, contends that the CGL policy provides coverage for the claims of Walmart for contribution based on Divisions' own negligence.

52.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Owners Insurance Company, prays for the following relief:

### AS TO COUNT I:

A.     That Owners Insurance Company has no duty or obligation to provide a defense to Walmart, Inc. for the action filed in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois by Jennifer Lund under Cause No. 22 LA 870 under its policy of insurance numbered 184604-07664386-20.

B.     That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

18

C.      That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A.      That Owners Insurance Company has no duty or obligation to provide a defense to Walmart, Inc. for the action filed in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois by Jennifer Lund under Cause No. 22 LA 870 under its policy of insurance numbered 184604-07664386-20.

B.      That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.      That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A.      That Owners Insurance Company has no duty or obligation to provide a defense for Walmart, Inc. for the action filed in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois by Jennifer Lund under Cause No. 22 LA 870 under its policy of insurance numbered 184604-07664386-20.

B.      That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

19

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT IV:

A.    That Owners Insurance Company has no duty or obligation to provide a defense to CBRE, Inc. for the Amended Third-Party Complaint filed by Walmart, Inc. in the action initiated against Walmart, Inc. in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois by Jennifer Lund under Cause No. 22 LA 870 under its policy of insurance numbered 184604-07664386-20.

B.    That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT V:

A.    That Owners Insurance Company has no duty or obligation to provide a defense to Divisions, Inc. for the Amended Third-Party Complaint filed by Walmart, Inc. in the action initiated against Walmart, Inc. in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois by

Jennifer Lund under Cause No. 22 LA 870 under its policy of insurance numbered 184604-07664386-20.

B.       That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.       That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

/s/   Robert Marc Chemers
Robert Marc Chemers (Bar No. 0431508)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone:      (312) 578-7548
Fax:             (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com